### 23280.  W. A. WARD REALTY AND INVESTMENT COMPANY *v.* RICHARDSON.

DECIDED FEBRUARY 7, 1934.

*W. R. Jones, W. A. Ward Jr., H. B. Moss,* for plaintiff.
*Alston, Alston, Foster & Moise,* for defendant.

JENKINS, P. J.  The plaintiff company sued the defendant for $147,750 damages because of the breach of a contract "to exchange certain real estate, or for the purchase and sale of same, each to the other." The written contract and the breach as pleaded relate, however, only to the real estate conveyed by the defendant to the

plaintiff. The court sustained a general demurrer to the petition, which stated substantially the following case: that the property conveyed to the plaintiff consisted of two pieces, one on Luckie street and the other on Spring street, in Atlanta, on which there were loan deeds respectively amounting to totals of $48,500 and $21,000, including certain incumbrances for money due to the defendant's son, which the defendant had previously executed and which were expressly referred to in the written contract, amounting to $18,000 on the Luckie-street property and $15,000 on the Spring-street property. The conveyance to the plaintiff had been made subject to but without assumption of all the liens. On the Spring-street property there was included a loan due to Emory University of $6000, a renewal or extension of which the defendant agreed to "procure," or to procure a new loan for the same amount. The petition alleges that the son of the defendant, in July, 1932, sold both pieces of property at public sale, under powers of sale in his loan deeds, on account of the nonpayment of interest claimed to be due on the loans since December, 1931; and that such sale was the result of the defendant's failure and refusal to renew the Emory-University loan, and of a scheme to defraud the plaintiff by causing it to lose the properties. No facts constituting fraud are set forth. The damages claimed cover the alleged market value of both pieces of property after deducting the total liens. It is not alleged how the failure to procure the renewal of the Emory-University loan on one piece of property affected the other piece, or that such lien was ever foreclosed, or how the renewal of the Emory-University loan or the obtaining of a new loan to pay it would have realized funds to the plaintiff to meet its separate loan obligations to the son of the defendant, or why such funds could not have been borrowed or obtained from some other source during the alleged seven months intervening between the default and the loss of the property by public sale, or what causal connection existed between the alleged breach of the defendant's contract and the plaintiff's failure to pay the defaulted interest to the son. The averments are, that, because of the breach as to the university loan, the plaintiff was not further bound to pay the son's loan, although it stood ready to do so when the defendant complied with his contract; that, even after the breach, it stood ready to pay the interest due on the Luckie-street property, but that "the *defendant* refused

to accept said interest or receive same unless plaintiff would assume and agree to pay all the debts outstanding against said property, all of which was the direct violation of the original agreement." There is no allegation that the defendant was the agent of the holder of the loan, or had any authority to accept or refuse interest, or to contract otherwise for him in the matter.

No causal connection is shown between the failure of the defendant to procure a renewal of the comparatively small loan secured by the deed to one of the two pieces of property, for the loss of which for that reason the plaintiff sues, and the loss both of the property covered by this lien and other real estate, through a public sale by another creditor under other loan deeds held by that creditor. Nor does it appear that the loan deed involved in the alleged breach was ever foreclosed. Moreover, irrespective of what part the small loan deed may have had in the loss of all the real estate, it does not appear why the money due to the other creditor upon his separate security deeds could not have been borrowed elsewhere. See 17 C. J. 863, 865. The allegations of fraud, even if pertinent to the action, based upon an express written contract, amount to no more than legal conclusions without proper averments of fact. The petition wholly failing to state a cause of action, for these and other reasons, the court did not err in sustaining the general demurrer.

*Judgment affirmed. Stephens and Sutton, JJ., concur.*